LUCY CORBIN *vs.* ANTONIO GOMES.

JUNE 13, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.   This is an action in assumpsit for breach of promise to marry.   The trial justice directed a verdict for the defendant on the ground that, at the time the promise was alleged to have been made, the defendant was under 21 years of age.   The cause is before us on the plaintiff's exception to such direction.

The defendant pleaded only the general issue but was permitted, without objection, to prove that he was a minor at the time the supposed promise is alleged to have been made.

When the testimony of both parties was concluded the defendant moved for a direction of a verdict in his favor. At that time the plaintiff urged that the motion should not be granted because no plea of infancy had been filed. The plaintiff now argues that the proof of infancy was inadmissible under the plea of general issue and that the trial justice therefore erred in granting said motion.

The quest on whether the evidence, in the absence of a special plea, would have been admissible over the plaintiff's objection is not before us. See, however, 9 C. J. 348. The plaintiff made no objection to the proof of infancy and hence has no exception to the admission of evidence constituting such proof. The plaintiff made no motion, either timely or otherwise, to strike out the evidence showing infancy. After the admission of such evidence considerable testimony was taken before the motion for a direction of a verdict was made. The plaintiff by failing to object and failing to make a timely motion to strike out such testimony waived all objection to its admissibility. Her objection is that the trial justice gave legal effect to evidence which, at the time of the ruling, was properly before the jury. The rule is stated in 31 Cyc. at 754, as follows: "Failure to object to evidence at the time it is offered is a waiver of the objection that it is not admissible under the pleadings. If the evidence offered is not objected to, the party presenting it is entitled to the benefit of any cause of action or defense established thereby." See authorities cited also *Collier* v. *Jenks*, 19 R. I. 493.

Assuming that the defendant promised to marry the plaintiff, the infancy of the promissor at the time the promise to marry was made is a complete defense. 9 C. J. 323.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Joseph G. LeCount*, for plaintiff.

*Robinson & Robinson*, for defendant.